

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COLLEEN BRADSHAW,<br><br>Plaintiff,<br><br>v.<br><br>GRANT D. MILLER,<br><br>Defendant. | 3:16-cv-00544-MMD-VPC<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's failure to file a complaint (ECF No. 3). For the reasons described below, the court recommends that this case be dismissed with prejudice.

Plaintiff, acting *pro se*, filed an application to proceed *in forma pauperis* (ECF No. 1). Plaintiff attached several pages of paper to the application alleging, among other things, that a Dr. Grant Miller is "play[ing] commercials he recorded over my speakers so I can't watch the shows." *Id.* Plaintiff also complains bitterly about retired Judges Hagen and McQuaid and decisions they rendered in cases she filed in 1998 and 1999. *Id.*

On October 26, 2017, this court issued an order directing plaintiff to file a complaint within thirty days. (ECF No. 3). The thirty-day period has now expired, and plaintiff has not filed a complaint. Rather, plaintiff has filed two motions to withdraw her motion for order of protection (ECF Nos. 4 & 5).[1]

---

[1] The court notes that all of the motions attached to plaintiff's application to proceed *in forma pauperis* were denied in the court's order ECF No. 3.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-

33; *Henderson*, 779 F.2d at 1424. The court's order requiring plaintiff to file a complaint within thirty days expressly stated: "If plaintiff does not comply with this order, dismissal of this action may result." (ECF No. 3). Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the court's order to file a complaint within thirty days.

It is therefore recommended that this action be dismissed with prejudice based on plaintiff's failure to file a complaint in compliance with this court's October 26, 2017 order (ECF No. 3).

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** enter an order as follows:

1. **DENYING** plaintiff's application to proceed *in forma pauperis* (ECF No. 1);

2. **DENYING as moot** plaintiff's motions to withdraw motion for order of protection (ECF Nos. 4 & 5); and

3. **DISMISSING** this action with prejudice based on plaintiff's failure to file a complaint in compliance with this court's October 27, 2017 order (ECF No. 3).

DATED: January 16, 2018

UNITED STATES MAGISTRATE JUDGE

3